# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs January 10, 2017

## CHRISTOPHER D. HODGE v. DEBRA JOHNSON, WARDEN

### Circuit Court for Hickman County
### No. 2015-CV-61

### No. M2016-00819-CCA-R3-HC

FILED

AUG 02 2017

Clerk of the Courts

### JUDGMENT

Came the Appellant, Christopher D. Hodge, by and through counsel, and also came the Attorney General on behalf of the State, and this case was heard on the record on appeal from the Circuit Court of Hickman County; and upon consideration thereof, this Court is of the opinion that there is no error in the judgment of the trial court.

It is, therefore, ordered and adjudged by this Court that the judgment of the trial court is affirmed, and the case is remanded to the Circuit Court of Hickman County for execution of the judgment of that court and for collection of costs accrued below.

Because it appears to this Court that the Appellant, Christopher D. Hodge, is indigent, costs of this cause will be paid by the State of Tennessee.

Thomas T. Woodall, Presiding Judge
Robert W. Wedemeyer, Judge
Robert L. Holloway, Jr., Judge

# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs January 10, 2017

## CHRISTOPHER D. HODGE v. DEBRA JOHNSON, WARDEN

**Appeal from the Circuit Court for Hickman County**
No. 2015-CV-61    Joseph Woodruff, Judge

No. M2016-00819-CCA-R3-HC

FILED

AUG 02 2017

Clerk of the Courts

Petitioner, Christopher D. Hodge, appeals from the summary dismissal of his petition for writ of habeas corpus. On appeal, Petitioner asserts that the trial court was without jurisdiction to convict him because the grand jurors were not picked from more than one county in the district; and that the trial court illegally amended his judgment 60 days after entry of the judgment to change his release eligibility from 35 percent to 100 percent. Upon review, we affirm the summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, and ROBERT L. HOLLOWAY, JR., JJ., joined.

Christopher D. Hodge, Clifton, Tennessee, *Pro Se*.

Herbert H. Slatery III, Attorney General and Reporter; Andrew C. Coulam, Assistant Attorney General; and Kim R. Helper, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### *Procedural history*

Petitioner was convicted of second-degree murder and received a sentence of 35 years to be served at 100 percent. A panel of this court affirmed the judgment on direct appeal. *State v. Christopher David Hodge*, No. W2003-01513-CCA-R3-CD, 2004 WL 2290495 (Tenn. Crim. App., Oct. 11, 2004), *perm. app. denied* (Tenn., Feb. 28, 2005). Petitioner filed a petition for post-conviction relief, which the post-conviction court dismissed after a hearing, and a panel of this court affirmed on appeal. *Christopher Hodge v. State*, No. W2005-01588-CCA-R3-PC, 2006 WL 1381647 (Tenn. Crim. App.,

May 19, 2006), *perm. app. denied* (Tenn., Oct. 2, 2006). On December 30, 2015, Petitioner filed a petition for writ of habeas corpus, which the trial court summarily dismissed on February 17, 2016.

## Analysis

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Accordingly, our review is de novo without a presumption of correctness. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007) (citing *State v. Livingston*, 197 S.W.3d 710, 712 (Tenn. 2006)).

A prisoner is guaranteed the right to petition for habeas corpus relief under Article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; see T.C.A. §§ 29-21-101 to -130. The grounds upon which a writ of habeas corpus may be issued, however, are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting *State v. Galloway*, 45 Tenn. (5 Cold.) 326, 337 (1868)). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992) (citing *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968)). A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." *Taylor*, 995 S.W.2d at 83 (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998); *Archer*, 851 S.W.2d at 161-64). However, as the Tennessee Supreme Court stated in *Hickman v. State*:

> [A] voidable judgment is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee Court cannot issue the writ of habeas corpus under such circumstances.

153 S.W.3d 16, 24 (Tenn. 2004) (internal citations, quotations, and emphasis omitted); see *Summers*, 212 S.W.3d at 256 (citation omitted). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). If this

burden is met, the petitioner is entitled to immediate release. *State v. Warren*, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986) (citing *Ussery v. Avery*, 432 S.W.2d 656, 658 (Tenn. 1968)).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. *See Hickman*, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment or the record of the proceedings upon which the judgment is rendered to indicate that the convictions are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), *superseded by statute as stated in State v. Steven S. Newman*, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n. 2 (Tenn. Crim. App., Mar. 11, 1998). "The petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition, including consideration of whether counsel should be appointed." *Summers*, 212 S.W.3d at 261.

In his first issue, Petitioner complains that members of the Lauderdale County grand jury that indicted him were chosen from residents of Lauderdale County, not from all of the five counties that comprise the Twenty-Fifth Judicial District. He contends that grand jury selection from a single county within a judicial district violates Tennessee Code Annotated sections 16-2-506 and 16-2-510(c), deprives the trial court of jurisdiction, and renders the judgment void. A panel of this court addressed this same issue in *State v. James E. Kenner*, No. M2014-00613-CCA-R3-CD, 2015 WL 3533265 (Tenn. Crim. App., June 5, 2015), *perm. app. denied* (Tenn., Oct. 15, 2015). In that case, the appellant asserted that the establishment of judicial districts pursuant to Tennessee Code Annotated section 16-2-506 "stripped original jurisdiction from the county courts [and] in the same stroke abolished and outlawed the operation of county juries, (grand or petit) and replaced them with 'District juries and District Criminal Courts.'" The panel held that "the long-standing process for trying an offender in the county in which a crime was committed by a jury that was selected from that county was not abolished by the creation of judicial districts." *Id.* at *3. Petitioner also appears to contend that the Lauderdale County Circuit Court has lacked subject matter jurisdiction to hear criminal cases since 1984. Petitioner claims that Tennessee Code Annotated section 16-2-501 stripped the "county courts" of jurisdiction over all matters except those regarding probate. This argument is also without merit. In fact, Tennessee Code Annotated section 40-1-108 provides that "[t]he circuit and criminal courts have original jurisdiction of all criminal matters not exclusively conferred by law on some other tribunal." Accordingly, Petitioner is not entitled to relief on this issue.

- 3 -

In his second issue, Petitioner asserts that the trial court amended his judgment 60 days after its entry to change his release eligibility from 35 percent to 100 percent, rendering the judgment void. Petitioner contends that the judgment became final 30 days after entry and that the court lost jurisdiction to amend the judgment thereafter. In fact, the record shows that on Petitioner's original judgment, entered on March 14, 2003, the boxes beside both the release eligibility options are checked. The trial court entered a corrected judgment on May 14, 2003, clearly reflecting that Petitioner was ordered to serve his sentence at 100 percent.

Our supreme court has stated, "sentencing errors fall into three categories – clerical errors, appealable errors, and fatal errors. Only fatal errors render sentences illegal. Clerical errors 'arise simply from a clerical mistake in filling out the uniform judgment document' and may be corrected at any time under Tennessee Rule of Criminal Procedure 36." *State v. Wooden*, 478 S.W.3d 585, 595 (Tenn. 2015) (citations omitted). Tennessee Rule of Criminal Procedure 36 provides that, "[a]fter giving any notice it considers appropriate, the court may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission." Tenn. R. Crim. P. 36. A clerical error arises "simply from a clerical mistake in filling out the uniform judgment document." *Cantrell v. Easterling*, 346 S.W.3d 445, 449 (Tenn. 2011).

Petitioner has failed to assert a claim entitling him to habeas corpus relief. Upon review, we conclude that the habeas corpus court's summarily dismissal of the petition was proper.

CONCLUSION

Upon review, we affirm the habeas corpus court's order dismissing the habeas corpus petition.

THOMAS T. WOODALL, PRESIDING JUDGE

- 4 -